### Application of DAVIS.
### Patent Appeal No. 5587.

United States Court of Customs
and Patent Appeals.
April 12, 1949.

Herbert L. Davis, Jr., of Washington, D. C., for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and HATFIELD, JACKSON, O'CONNELL, and JOHNSON, Judges.

GARRETT, Chief Judge.

There is involved in this appeal an application for patent for a design, shown by drawings, for a carbon pile regulator or similar article. The regulator is, as we understand it, a device in the nature of a rheostat, used in the regulation of voltage and current in dynamo electric generators and in electric circuits.

The appeal is from the decision of the Board of Appeals of the United States Patent Office, one member dissenting, affirming the decision of the Primary Examiner rejecting the application for lack of patentability over prior art cited. More specifically it was held, as expressed by the examiner, that the device "has been shaped or designed along primarily mechanical or utilitarian lines rather than for the production of a novel ornamental appearance in the device."

The references listed in the board's decision are four patents and a publication; namely,

Newton, 2,268,718, Jan. 6, 1942,
Allen, 2,336,523, Dec. 14, 1943,
Rady 2,354,542, July 25, 1944,
Austin, 2,384,786, Sept. 18, 1945,
(Reprint) Aviation, January, 1943, page 110.

All the patents cited are mechanical, and are depicted by drawings. The magazine article relates to a design for a carbon pile voltage regulator. It is illustrated by two reproductions of photographs. All the references are in the same art as the involved application.

In the majority opinion of the board we find the following description of appellant's device:

"The drawing shows a generally cylindrical housing, with a smaller, irregular but also generally cylindrical portion extending axially therefrom. Part of the extension is surrounded by disc shaped heat exchange fins. The drawing shows various bolts, screws, and nuts, which are apparently intended to hold the assemblage together and to furnish binding posts for electric wires, and also adjustments for the pile. An additional part appears to be a bracket in a non-symmetrical position, embracing the three sides of the cylindrical housing, and is apparently supported in adjustable position by four tie bolts. The end plate of the cylindrical housing is generally square to provide seats in the four corners for the tie bolts, which are outside the housing. An adjusting screw and two screw heads extend out from what appears to be a recess in the end plates."

It was said by the majority that most of the visible features of the design, such as the bolts, nuts, screws, pins, and the bracket, are features which are essential in the functioning of the apparatus; that, while in the rearrangement of a device the mechanical elements may be placed so that they contribute a novel and pleasing appearance, and, therefore, be eligible for a design patent, the mere presence of essential mechanical features is not considered as imparting patentable novelty to a design, In re Dalton, 37 F.2d 420, 17 C.C.P.A., Patents, 826, 1930 C.D. 206, being cited; that the arrangement of structural features in a symmetrical relationship is no more than a sound mechanical practice; that the arrangement of non-structural functional features in symmetrical relationship is no more than following the most elementary principle of design practice; that, as was held by the United States District Court of the Southern District of New York, in the case of Scovill Mfg. Co. v. U. S. Electric Mfg. Corp., 31 F.Supp. 115, it is not inventive in a design to follow the normal and current trends to give an article a pleasing general appearance; that the references here presented all show a generally cylindrical housing having cooling fins axially aligned, structural features such as tie bolts, adjusting screws, terminal posts, etc. being shown; that the functional parts are placed symmetrically with respect to the central axis, so far as possible; and that appellant's arrangement, as shown

in his drawing, discloses no inventive originality.

The dissenting opinion analyzes the drawings of the application and those of the references and points out various specific differences in the shape, form, or location of some of the prominent features in the following manner:

"Appellant points to the following differences in his design from the prior art:

"a) In the end view in Fig. 3 [2?] the circles representing the fin and end plate, the triangular shaped plate and circular shaped cap, and the square supporting member with rounded upper corners.

"Austin's device lacks such an appearance in end view. Rady's end view includes a plate 33 of a size to completely hide the fins from view. A substantially triangular outline appears over the plate but the triangle is not surrounded by two concentric circles and does not have within its outline a circle in closely ·adjacent relation to the side walls of the triangle. Appellant's triangle sides are straight whereas Rady's triangle sides are curved. Allen's end view does not expose the fin outline to view and fails to have any representations corresponding in appearance to the square end with upper round corners, the triangle and the central circle free of inner lines. Newton's end view of the fins is interrupted by a support for the spacing rods as shown in Fig. 13. The triangle, and a central circle with shading having the effect of a cylinder in the triangle is also lacking in Newton. The corresponding end view of Aviation does not show the fin since it is hidden by the end plate. That end plate has rods extending therethrough adjacent its periphery. Other features in the end view give it a complete lack of similarity to appellant's design end view.

"b) In the end view in Fig. 3 we see a square end plate with sharp angled corners. The corresponding end plates of Austin, Allen, Rady, Newton and Aviation, are round or have substantially rounded peripheries. Fig. 3 of Rady, in particular, shows an extremely irregular form of end plate having irregularly arranged projecting ears.

"c) In the side views of Figs. 1 and 4 several features are worthy of note. In Fig. 1 except for the lines representing the supporting bracket every feature is symmetrically arranged relative to a longitudinal axis of the design. In Fig. 4, which is a bottom plan view all the details are symmetrical. Austin approaches symmetry but fails at that goal due to the projecting elements such as the bolts 52 and 76 and the wires 97 and 99. Rady is not symmetrical in side views due to the legs of the end plate, the cover on the housing 91 and the location of the screws 26. Allen fails in side view symmetry since he has three equally spaced spacing bars. In side view these bars would appear at different distances from the plane of the longitudinal axis unless special effort was made to so turn the regulator relative to a supporting surface that the bars would appear to be symmetrical in side view. Newton's design (Fig. 13) is shown in section. I cannot determine whether side views would be symmetrical designs since I do not know whether any surface projections would be present on that portion of the regulator which is omitted in this view. However the wire adjacent lead line 35 and the lack of another screw head on the end plate defeats symmetry. Aviation in side view does not illustrate a symmetrical arrangement of parts. Aviation's spacing bars in Fig. 3 are so positioned as to defeat symmetry.

"Singly used none of the references are pertinent. The Examiner has failed to show how the references could be combined to show lack of invention. While fins, housings, bolts and other utilitarian details are old, the design as a whole is new."

The statement of the dissenting member of the board seems to comprehend all the contentions made on behalf of appellant at the hearing before us, and we reproduce it literally instead of paraphrasing it.

Such differences as exist between the individual features of appellant's device and the individual features of the prior art devices, as are pointed out in the dissenting opinion and emphasized in the brief for appellant, are obvious from a study of the drawings. In one or another

of the references it is possible to find individual features which are simulated by individual features of appellant's device, but the overall appearance of appellant's device is decidedly different from any cited reference.

We are of opinion that, within the letter and spirit of the design patent statute, appellant is entitled to the patent here sought. The decision of the board is, therefore, reversed.

Reversed.